Opinion by
Hurt, J.
§ 628. Garnishment; formal pleadings in, not required; case stated. McComack & Co., upon a judgment in their *552 favor against one Moore, sued out a writ of garnishment against B. E. Davis & Bro. The writ was served upon J. P. Davis. He answered for the firm of B. E. D. & Bro., denying indebtedness to Moore, and denying that said firm had any of Moore’s effects in their possession, etc. J. P. Davis answered as a member of said firm, and in the name of said firm. Appellees controverted the answer, alleging that B. E. D. & Bro., at the time of the service of said writ, had, and now have, a large amount of valuable furniture, carpets and other personal property in their possession, belonging to said Moore, who had abandoned the state, etc. Appellees recovered judgment that said firm be required to deliver said property to the proper officer, etc., and that execution issue, etc., against the property of said firm of B. E. D. & Bro., and against the property of J. P. D., individually, etc. The first error assigned is, that “the court erred in going into the trial of this cause without having issues framed as required by the statute.” Held: Formal pleadings are not required. No demand for issues to be framed was made by appellants, nor was any exception made to the issues as presented by appellees. The answer, and the controversion thereof by the appellees, presented issues which could be legally tried and determined by the jury. If these issues were not sufficiently specific, appellants should have excepted thereto, and requested the court to cause proper issues to be framed. [Adkins v. Watson, 12 Tex. 200; Speak v. Kinsey, 11 Tex. 303.]
§ 6 2 9. Garnishee may plead that property is exempt; such defense cannot he proved unless pleaded. The second assignment of error is, that “the court erred in ruling out evidence offered by garnishees to show that the property in controversy was household furniture of Mooi’e and wife, and not subject to garnishment.” Held: That a garnishee has the right to set up the defense, that the property in his possession belonging to the defendant is exempt, is not an open question. He may make such defense. But such defense cannot be entertained unless *553 it is pleaded. There is no such plea in this case, but on the contrary the answer of the garnishees denies their having any effects whatever belonging to Moore. It was not error to exclude the evidence.
February 11, 1885.
§ 630. Description of property sufficient, token. When property in controversy is in the possession of one of the parties litigant, the other party, when required to describe it, is not held bound to give a completely accurate description of it, but such reasonably accurate description as could, under the circumstances, be expected, will be sufficient.
Affirmed.